29 F.3d 645
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Faustino M. CARIAGA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3075.
 United States Court of Appeals, Federal Circuit.
 June 15, 1994.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 On reconsideration, the Office of Personnel Management (OPM) denied petitioner's application for a civil service retirement annuity on the ground that he was not a qualified employee within the meaning of 5 U.S.C. Sec. 2105 (1988), and therefore was not entitled to an annuity. Petitioner appealed to the Merit Systems Protection Board (MSPB or Board), which upheld the determination of the OPM (MSPB Docket No. SE-0831-93-0187-I-1). We affirm the decision of the MSPB.
 
 DISCUSSION
 
 2
 Mr. Cariaga first contends that he was entitled to a civil service annuity based on his employment between December 2, 1956, and May 9, 1973. During that time, he was employed by private contractors who provided support services for the Department of the Air Force on Wake Island. The administrative judge correctly held that in order to qualify for a civil service retirement annuity, one must be a federal employee who is (1) appointed by a federal officer acting in his official capacity; (2) engaged in the performance of a federal function under authority of law or executive order; and (3) under the supervision and direction of a federal official while engaged in the performance of the duties of his position. 5 U.S.C. Secs. 2105(a) and 8331(1).
 
 
 3
 Clearly, Mr. Cariaga was never qualified as an employee under the provisions of 5 U.S.C. Sec. 2105, because he had never received an appointment by a federal officer acting in his official capacity. The services which Mr. Cariaga performed on Wake Island were admittedly of benefit to the United States, but neither that nor the fact that he may have been performing a federal function qualified him for the annuity he sought. In Costner v. United States, 665 F.2d 1016, 1020 (Ct.Cl.1981), the court held that an abundance of federal function and supervision will not make up for the lack of an appointment.
 
 
 4
 As the second ground for his entitlement to the annuity, Mr. Cariaga relies on his employment as a custodial worker at Pease Air Force Base, New Hampshire from March 15, 1988, until June 7, 1989. The employment was for the Billeting Fund, a nonappropriated fund instrumentality. Under 5 U.S.C. Sec. 2105(c), employees paid from nonappropriated funds of the several military services are specifically excluded from the definition of a federal "employee" for purposes of the Civil Service Retirement Act. The only exception to this statutory provision is found in 5 U.S.C. Sec. 8332(b)(16) (1988); it covers certain listed services performed between June 18, 1952, and January 1, 1966. Because Mr. Cariaga's services at the Pease Air Force Base were performed after that date, the administrative judge correctly determined that the service was not creditable for retirement purposes.
 
 
 5
 There is no evidence that Mr. Cariaga ever served in a position subject to the Civil Service Retirement Act. Consequently, we must affirm the decision of the MSPB.